UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-21738-CIV-MORENO

ISRAEL BREA FERNANDEZ, GUSTAVO
IGLESIAS, YUNIOR CARRERO REINA, and
HEIDY VALDES,

    Plaintiffs,

vs.

XPRESS PAINTING CORP. and GONZALO H.
GARCIA,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Plaintiffs' Motion to Dismiss Counterclaim Filed by Defendants **(D.E. No. 8)**, filed on **June 22, 2012**. Plaintiffs Israel Brea Fernandez, Gustavo Iglesias, Yunior Carrero Reina, and Heidy Valdes brought suit against Defendants Xpress Painting Corporation and Gonzalo H. Garcia for violations of the Fair Labor Standards Act ("FLSA"). In response to breach of contract counterclaims alleged by Defendants, Plaintiffs filed this motion to dismiss the counterclaims for lack of subject matter jurisdiction. This Court agrees that it lacks subject matter jurisdiction over the counterclaims and therefore grants Plaintiffs' motion to dismiss.

### I. FACTUAL BACKGROUND

Plaintiffs Fernandez, Iglesias, Reina, and Valdes allege that their employer, Defendants Xpress Painting Corporation and Gonzalo Garcia, denied them proper overtime compensation for workweeks longer than forty hours. They argue that this denial was willful and intentional on the part of Defendants, and was consequently unlawful under the FLSA. In response to Plaintiffs'

complaint, Defendants denied the allegations, raised affirmative defenses that included a request for set-off against Plaintiffs' damages for all monies owed by Plaintiffs to Defendants, and filed counterclaims against Plaintiffs Iglesias and Valdes. In particular, the counterclaims allege two counts of breach of contract and one count of unjust enrichment.

Regarding the counterclaims against Iglesias, Defendants contend that, during the employment relationship, Iglesias requested Xpress Painting to provide him with financial assistance to help him make ends meet. Xpress Painting agreed and provided Iglesias with two loans totaling $3,302.00 as well as an airline ticket for Iglesias's wife for an overseas trip. Iglesias has yet to pay off the loans or reimburse Xpress Painting for the airline ticket.

Similarly, during her time as an employee, Valdes asked Xpress Painting to guarantee her monthly rent payments to her landlord as she too was facing financial difficulties. In an effort to assist Valdes, Xpress Painting consented to the request and guaranteed her rent. However, following Valdes's separation from Xpress Painting, Valdes ceased paying rent in March 2012. Consequently, Xpress Painting remains liable for the unpaid rent from March through May 2012.

Defendants argue that Iglesias and Valdes have breached separate contracts with Xpress Painting. Namely, Iglesias has breached his agreement to pay off the loans and Valdes has breached her agreement to reimburse Xpress Painting for the rent payments. Additionally, Defendants argue that the benefits retained by Iglesias and Valdes constitute unjust enrichment.

Plaintiffs filed a motion to dismiss, presumably under Rule 12(b)(1),[1] challenging the

---

[1] Though Plaintiffs' motion to dismiss states that it is challenging Defendants' counterclaims under Rule 41 (Dismissals of Actions), Plaintiffs are only contesting the Court's subject matter jurisdiction over the counterclaims. Plaintiffs thus likely meant to file a Rule 12(b)(1) motion for lack of subject matter jurisdiction rather than under Rule 41.

Court's subject matter jurisdiction over Defendants' counterclaims. In particular, they argue that the Court cannot exercise supplemental jurisdiction over the state law breaches of contract and unjust enrichment counterclaims because they do not arise out of the same Article III case or controversy as the original FLSA claims.

## II. LEGAL STANDARD

A facial jurisdictional challenge under Rule 12(b)(1) occurs when the motion to dismiss "accepts the [complaint's] version of jurisdictionally-significant facts as true and addresses their sufficiency." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). For such facial attacks, a court will look only at the complaint and will take "all of the allegations in the complaint as true to determine whether a [party] has adequately alleged a basis for subject matter jurisdiction." *Fox v. Morris Jupiter Assocs.*, No. 05-80689-CIV-MARRA, 2007 U.S. Dist. LEXIS 70884, at *6 (S.D. Fla. Sept. 21, 2007) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990)). In the present action, Plaintiffs' jurisdictional challenge constitutes a facial attack as they do not challenge the veracity of Defendants' counterclaims. The Court therefore accepts the truth of the counterclaims for purposes of this motion.

Under 28 U.S.C. § 1367(a), when a federal district court has original jurisdiction in any civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court has interpreted this "case or controversy" requirement to "confer jurisdiction over supplemental claims that arise from a 'common nucleus of operative fact' in connection with a federal claim." *Promex, LLC v. Perez Distrib. Fresno, Inc.*, No. 09-22285-CIV-

MORENO, 2010 U.S. Dist. LEXIS 90677, at *34 (S.D. Fla. Sept. 1, 2010) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724–25 (1966)). In analyzing supplemental jurisdiction issues, the Eleventh Circuit in particular has looked to whether the state claims "'involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts' as the federal claims." *Id.* (quoting *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1563–64 (11th Cir. 1994).

### III. DISCUSSION

*A. Supplemental Jurisdiction over Defendants' Counterclaims*

Plaintiffs maintain that Defendants' state law counterclaims require different elements of proof based on facts entirely distinct from the underlying federal claims. Moreover, Plaintiffs argue that the state law claims would dominate over and obscure the federal claims if the Court were to exercise jurisdiction over them.

In response, Defendants argue that their counterclaims are the "flip-side of the coin" of Plaintiffs' FLSA claims since the breaches of contract and unjust enrichment arose out of Iglesias's and Valdes's employment relationships with Xpress Painting. Indeed, Defendants contend that the counterclaims will involve much of the same evidence, the same witnesses, and an ultimate determination on similar facts. Defendants also deny any risk that the state claims will dominate over or obscure the federal claims.

In cases where a FLSA claim serves as the underlying basis for original jurisdiction, this Court has generally been reluctant to find that additional state law contract or tort claims form part of the same "case or controversy" as the federal claim. Recently, the Court held that a counterclaim filed by employers to recover rent for housing provided to employees on the

business premises did not arise out of a common nucleus of operative fact in connection with the employees' underlying FLSA claims. *See Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09-80714-CIV-MARRA/JOHNSON, 2009 U.S. Dist. LEXIS 113015 (S.D. Fla. Dec. 3, 2009). In that case, the Court noted that the witnesses and evidence would differ greatly between the claims and counterclaims. The plaintiff employees would offer evidence relating to hours worked and pay received while the defendant employers would submit evidence to establish the existence and breach of an oral agreement between the parties. *See id.* at *5. Moreover, the claims did not "rely on identical actions of the parties and [would] require separate proof to demonstrate the allegedly wrongful conduct." *Id.* Indeed, the Court found that the only factor that the claims shared in common was the existence of a general employer-employee relationship, a nexus "too attenuated" for an exercise of supplemental jurisdiction. *See id.* (citing *Lyon v. Whisman*, 45 F.3d 758, 762 (3d Cir. 1995)).

Likewise, the Court declined to exercise supplemental jurisdiction in a FLSA case involving counterclaims that sought unpaid rent from an independent contractor who rented a residence from the defendant employers. *See Nelson v. CK Nelson, Inc.*, No. 07-61416-CIV-MARRA, 2008 U.S. Dist. LEXIS 43544 (S.D. Fla. June 2, 2008). Again the Court stressed the evidentiary distinctions between the claims as the plaintiffs would seek to establish hours worked and pay received while the defendants would strive to prove a landlord/tenant relationship. *See id.* at 5–6.

Taking all of Defendants' allegations as true for purposes of this motion, Defendants' counterclaims resemble the type of claims presented in *Vallesillo* and *Nelson* that the Court has previously deemed not to be part of the same Article III case or controversy as an underlying

FLSA claim. The evidence and witness testimony differ substantially between the federal and state law claims presented here. While Plaintiffs will offer proof of the number of overtime hours worked and amount of unpaid wages owed, Defendants will submit independent evidence of contracts that Xpress Painting entered into with Valdes and Iglesias. In fact, there is no indication in Defendants' answer that these contracts constitute anything more than agreements entirely separate from the employment relationship. Indeed, the only connection these counterclaims appear to have with Plaintiffs' FLSA claims is the fact that the parties entered into these agreements during the time of an employment relationship. As the Court held in both *Vallesillo* and *Nelson*, the presence of a general employer-employee relationship alone is "too attenuated" of a nexus for a federal district court to exercise supplemental jurisdiction. *See Vallesillo*, 2009 U.S. Dist. LEXIS 113015, at *5; *Nelson*, 2008 U.S. Dist. LEXIS 43544, at *6. As a result, this Court has no subject matter jurisdiction over Defendants' counterclaims.

## B. Defendants' Affirmative Defense of Set-Off

Defendants further insist that requiring the counterclaims to be brought in state court will result in a denial of judicial economy, convenience, fairness, and comity. As part of this argument, Defendants note that because they have raised an affirmative defense of set-off, they will be presenting the same evidence of the breaches of contract in federal court as part of that defense regardless of how this Court rules on the motion to dismiss.

Prior case law has suggested that permissive counterclaims for set-off may proceed despite the lack of an independent basis of jurisdiction in certain instances where the counterclaim is interposed defensively to reduce a plaintiff's recovery rather than to provide affirmative relief. *See Vallesillo*, 2009 U.S. Dist. LEXIS 113015, at *8. In the FLSA context,

however, the Eleventh Circuit has placed certain limits on the use of this affirmative defense. Following former Fifth Circuit precedent on the matter, this Court recently affirmed that set-offs are inappropriate in FLSA cases where they result in sub-minimum wage payments to the employee. *See id.* at *9 (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)); *see also Lopez v. Leg.A.Sea Distribution Servs., LLC*, No. 10-CV-21847-KING, 2010 U.S. Dist. LEXIS 105935, at *4–5 (S.D. Fla. Sept. 2, 2010); *Nelson*, 2008 U.S. Dist. LEXIS 43544, at *9. Because "FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court," a set-off is permissible only when it will not cause the plaintiff's wages to fall below the statutory minimum. *Id.* at *9–10 (quoting *Brennan*, 491 F.2d at 4). Thus, for example, an employer could raise the affirmative defense of set-off in a case where the employee received overpayment of wages. *See id.* at *10 (citing *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003)). In such a case, the set-off would only reduce the overpayment while still maintaining the plaintiff's recovery of minimum wage under FLSA.

Though Defendants stress the inefficiency of having to file the state law contract claims in state court when they would already have to present the same evidence in federal court to establish a set-off, precedent would in fact bar the defense in this case. Because a set-off here would reduce Plaintiffs' recovery below the FLSA statutory minimum, such a defense is not appropriate. *See Brennan*, 491 F.2d at 4; *Vallesillo*, 2009 U.S. Dist. LEXIS 113015, at *10–11; *Nelson*, 2008 U.S. Dist. LEXIS 43544, at *10–11. This case does not involve a set-off against an overpayment of wages. Instead, if Defendants were to prevail on their counterclaims, it would

reduce any recovery by Plaintiffs on their FLSA claims below the minimum wage. Hence, the affirmative defense is improper in this context and thus is stricken under Rule 12(f)(1) for insufficiency as a matter of law. *See* Fed. R. Civ. P. 12(f)(1); *Vallesillo*, 2009 U.S. Dist. LEXIS 113015, at *11 (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681 (M.D. Fla. 2002)).

## IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that Plaintiffs' Motion to Dismiss Counterclaim Filed by Defendants is GRANTED and that Defendants' affirmative defense of set-off is stricken for insufficiency as a matter of law.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of August, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record